FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC - 6 2017

BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:17-CR-151 |
| MOHAMED IBRAHIM AHMED a.k.a. "Talha," "Mohammed El Eritri," "Abu Zakaria" | § § § § | Crone-Giblin |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

(Violation: 18 U.S.C. § 2339B (a)(1) Attempt to Provide Material Support or Resources to Designated Foreign Terrorist Organizations)

Between and on or about late 2014, the exact date being unknown, through on or about May 23, 2017, in the Eastern District of Texas, in the United States, the defendant, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria", did knowingly attempt to provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b), to wit: personnel and services to a foreign terrorist organization, specifically the Islamic State of Iraq and the Levant ("ISIL"), continuously designated since May 15, 2014 and as amended on September 21, 2015 to include the following aliases: The Islamic State of Iraq and al-Sham ("ISIS"), The Islamic State of Iraq and Syria, knowing that the organization was a designated terrorist organization, that

1

the organization had engaged in and was engaging in terrorist activity and terrorism, in violation of 18 U.S.C. §§ 2339B (a)(1) and 2.

## Count Two

(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria", did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a material fact involving international terrorism, in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he had no knowledge of how to construct a bomb. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

## Count Three

(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria", did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a material fact involving international terrorism, in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he had no knowledge of bomb-related chemicals. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

## Count Four

(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria", did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a

material fact involving international terrorism, in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he never discussed the construction of a bomb with another inmate. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
CHRISTOPHER T. TORTORICE
ASSISTANT U.S. ATTORNEY
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 1:17-CR- 151 |
| MOHAMED IBRAHIM AHMED<br>a.k.a. "Talha," "Mohammed El Eritri,"<br>"Abu Zakaria" | § § § § | |

## NOTICE OF PENALTY

### Count One

Violation: 18 U.S.C. § 2339B (a)(1) (Providing Material Support or Resources to Designated Foreign Terrorist Organizations)

Penalty: Imprisonment of not more than twenty (20) years, and if the death of any person results, imprisonment of any term of years or life; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim or gain to the defendant), or both; and term of supervised release of not more than three (3) years.

Special Assessment: $100

### Counts Two through Four

Violation: 18 U.S.C. § 1001 (False Statements)

Penalty: Imprisonment of not more than five (5) years; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim or gain to the defendant); or both; and term of supervised release of not more than three (3) years.

However, if the offense involves international or domestic terrorism, as defined in 18 U.S.C. § 2331, a term of imprisonment not more than eight (8) years; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim

5

or gain to the defendant); or both; and term of supervised release of not more than three (3) years.

Special Assessment: $100