FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 1 2 2018

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:17-CR-00151 |
| | § | |
| MOHAMED IBRAHIM AHMED | § | |
| a.k.a. "Talha," "Mohammed El Eritri," | § | |
| "Abu Zakaria" | § | |

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

(Violation: 18 U.S.C. § 2339B (a)(1) Attempt to Provide Material Support or Resources to Designated Foreign Terrorist Organizations)

Between and on or about late 2014, the exact date being unknown, through on or about May 23, 2017, in the Eastern District of Texas, in the United States, the defendant, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria," did knowingly attempt to provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b), to wit: personnel and services to a foreign terrorist organization, specifically the Islamic State of Iraq and the Levant ("ISIL"), continuously designated since May 15, 2014 and as amended on September 21, 2015 to include the following aliases: The Islamic State of Iraq and al-Sham ("ISIS"), The Islamic State of Iraq and Syria, knowing that the organization was a designated terrorist organization, that

the organization had engaged in and was engaging in terrorist activity and terrorism, in violation of 18 U.S.C. §§ 2339B (a)(1) and 2.

## Count Two

**(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)**

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria," did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a material fact involving international terrorism, in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he had no knowledge of how to construct a bomb. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

## Count Three

**(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)**

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria," did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a material fact involving international terrorism, in a matter within the jurisdiction of the executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he had no knowledge of bomb-related chemicals. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

## Count Four

**(Violation: 18 U.S.C. § 1001
False Statements Involving
International Terrorism)**

That on or about October 24, 2017, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria," did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation, concerning a material fact involving international terrorism, in a matter within the jurisdiction of the

executive branch of the Government of the United States, by telling special agents of the Federal Bureau of Investigation, during an interview at the Beaumont Federal Correctional Institution, Beaumont, Texas, in the Eastern District of Texas, that he never discussed the construction of a bomb with another inmate. As Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria" then and there knew, the statement and representation was false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001.

## Count Five

**(Violation: 18 U.S.C. § 373 (a) Solicitation to Commit a Crime of Violence)**

In or about Febuary 2018, in the Eastern District of Texas, the defendant, Mohamed Ibrahim Ahmed, a.k.a. "Talha," a.k.a. "Mohammed El Eritri," a.k.a. "Abu Zakaria," with the intent that another person known to the grand jury engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade such person known to the grand jury to engage in such conduct, that is, to murder a person within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 1111, in violation of 18 U.S.C. § 373.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
CHRISTOPHER T. TORTORICE
ASSISTANT U.S. ATTORNEY
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 1:17-CR-00151 |
| MOHAMED IBRAHIM AHMED a.k.a. "Talha," "Mohammed El Eritri," "Abu Zakaria" | § § § § | |

## **NOTICE OF PENALTY**

### **Count One**

Violation:   18 U.S.C. § 2339B (a)(1) (Providing Material Support or Resources to Designated Foreign Terrorist Organizations)

Penalty:   Imprisonment of not more than twenty (20) years, and if the death of any person results, imprisonment of any term of years or life; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim or gain to the defendant), or both; and term of supervised release of not more than three (3) years.

Special Assessment: $100

### **Counts Two through Four**

Violation:   18 U.S.C. § 1001 (False Statements)

Penalty:   Imprisonment of not more than five (5) years; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim or gain to the defendant); or both; and term of supervised release of not more than three (3) years.

However, if the offense involves international or domestic terrorism, as defined in 18 U.S.C. § 2331, a term of imprisonment not more than eight (8) years; a fine not to exceed $250,000 (or twice the pecuniary loss to the victim

or gain to the defendant); or both; and term of supervised release of not more than three (3) years.

Special Assessment: $100

## Count Five

Violation: 18 U.S.C. § 373 (Solicitation to Commit a Crime of Violence)

Penalty: Imprisonment of not more than one-half of the maximum term of imprisonment for the crime solicited; a fine not to exceed one-half of the maximum fine for the crime solicited, or both; and term of supervised release of not more than three (3) years. If the crime solicited is punishable by life imprisonment or death, imprisonment for not more than 20 years.

The penalty for a violation of 18 U.S.C. § 1111 (Murder) is death or imprisonment up to life, and a fine not to exceed $250,000, or both.

Special Assessment: $100