## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CR. NO. 1:17-CR-151** |
| | § | |
| **MOHAMMED IBRAHIM AHMED** | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE AND TO CERTIFY THE CASE AS COMPLEX

Defendant, **MOHAMMED IBRAHIM AHMED**, by and through his attorney of record, Gerardo S. Montalvo, files this Unopposed Motion for Continuance and to Certify this Case as Complex.   In support thereof, defendant shows the following:

## I.

Mr. Ahmed is charged in a multi-count indictment with Material Support or Resources to Designated Foreign Terrorist Organization and False Statements involving International Terrorism, in violation of Title 18, United States Code, Sections 2339B(a)(1) and 1001.

On July 31, 2018, the defendant appeared for arraignment on a superseding indictment in this case. The superseding indictment charges the defendant with a new offense of solicitation to commit a crime of violence, namely murder, in violation of Title 18, United States Code, Section 373(a).

## II.

Defendant Mohamed Ahmed respectfully requests the court to certify the case as complex and to continue all scheduled dates for a period of at least six months, showing for good cause as follows:

The current amended pre-trial order orders that motions in the case be filed by August 13, 2018 and that jury selection and trial will be determined at the Pretrial Conference scheduled for September 17, 2018.

Mr. Ahmed moves the court, pursuant to 18 U.S.C. § 3161(h)(7)(A), to certify the case complex and to continue all dates at least six months because investigation of the facts and relevant law cannot be accomplished within the limits set by the Speedy Trial Act.

**The case is complex - discovery is voluminous and there are complex factual issues**.   The overriding factor in support of this request is the complex nature of the case.[1]   In addition, the factual issues involved are complex, requiring that much of the materials need to be carefully reviewed and investigated by counsel for the defendant.

The following is a list of factors for the court to consider.

---

[1] See 18 U.S.C. § 3161(h)(7)(B)(ii) ("Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act].")

1. The investigation against Mr. Ahmed begin in 2015.   The discovery materials pertaining to the alleged offenses prior to the first superseding indictment are voluminous and **contain hours and hours of covert recordings** of Mr. Ahmed.   In many of these recordings, there are individuals who have not been identified by the government.   Counsel is required to review each of the recordings with the defendant and determine who these individuals may be.   Counsel is obligated to investigate whether these individuals possess any knowledge regarding this case and further interview these individuals as potential witnesses, if necessary.

2.   The discovery materials contain documents that are in the **Arabic language** and counsel must secure a translator that will be able to translate the documents into the English language.   Thereafter, all documents must be reviewed with the defendant.   Additionally, there are a significant number of FBI reports in this case that can only be reviewed at the U.S. Attorney's Office, pursuant to policy.   As such, counsel is forced to expend hours reviewing these reports and transcribing their contents for defendant's review.

3.   The Government has recently advised that it intends to use discovery materials used in the prosecution of the defendant in **Case No. S2-10-CR 131-01 (PKC)** _USA v Mohammed Ibrahim Ahmed,_ **in the Southern District of New York, New York Division.**   Counsel needs time to review,

investigate and research the nature and charges of this case and attempt to locate and interview any possible witnesses.

4. Counsel needs additional time to investigate individuals connected to this case who may be potential witnesses. These individuals are either employed by, or in the custody of the Bureau of Prisons (BOP).  Counsel intends to subpoena individuals and records from the BOP, if necessary.

5.  Because this case will likely involve classified information, the Court has entered a protective order pursuant to Section 3 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3; the Security Procedures Established Pursuant to Pub. L. No. 960456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures"); FED. R. CRIM. P. 16(d) and 57.  As a result, counsel is required to undergo a background check to obtain a security clearance for access to the classified information.  **Counsel has submitted the requested information to obtain the appropriate security clearance; however, this security clearance may take *several weeks*.**

6.   Counsel for the defendant was recently informed by the government that the classified information may be **voluminous** in nature.

7.  **Discovery is on-going**, and the Government has recently produced documents that were translated by FBI officials that are intended to be used in trial.

8.    Counsel for the defendant **has not received any discovery materials pertaining to count five of the first superseding indictment** – solicitation to commit a crime of violence, namely murder.

9.    Counsel was recently informed that evidence and potential witnesses related to count five may be linked to a confidential government informant that has a long-standing relationship with the government. As such, **discovery pertaining to this informant is incredibly voluminous**.

10. Without a proper and thorough review of the government's evidence in this case, **counsel is unable to determine what experts, if any, will be needed in trial.**

### III.

Therefore, based on all the above reasons, defendant respectfully requests the court certify this case as complex and to continue all scheduled dates for a period of at least six months.

Defendant seeks this continuance not simply for delay, but so that justice may be done, in accordance with her right to effective assistance of counsel as guaranteed by the 6th Amendment to the United States Constitution.

The best interest of justice served by granting this motion for continuance substantially outweighs the defendant and the community in a speedy trial and that failure to grant such a continuance would result in a miscarriage of justice by depriving counsel of sufficient time to investigate

the facts of the case and to prepare for pretrial proceedings and trial itself.

## IV.

Counsel has conferred with Assistant United States Attorney Chris Tortorice who advised he is unopposed to this motion.


WHEREFORE PREMISES CONSIDERED, Mr. Ahmed respectfully requests this court issue an order certifying this case as complex and grant a continuance of the trial date and extend all pretrial deadlines for a period of at least six months.


Respectfully Submitted,

By____/s/ Gerardo S. Montalvo_____
**GERARDO S. MONTALVO**
SBN:   24039066
**The Montalvo Law Firm, PLLC**
Park Central Plaza
1111 North Loop West, Suite 820
Houston, Texas 77008
(713) 526-5002 Telephone
(713) 526-5018 Facsimile

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF CONFERENCE</u>

By my signature below, I do hereby certify that I have conferred with Assistant United States Attorney Chris Tortorice, regarding this motion, and he is unopposed.

/s/ Gerardo S. Montalvo
**GERARDO S. MONTALVO**

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all known filing users by electronic mail via ECF/NEF and via U.S. First Class Mail and/or hand delivery to all other counsel of record on August 2, 2018.

/s/ Gerardo S. Montalvo
**GERARDO S. MONTALVO**