IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:17-CR-151 |
| | § | |
| MOHAMED IBRAHIM AHMED | § | |
| a.k.a. "Talha," "Mohammed El Eritri," | § | |
| "Abu Zakaria" | § | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF DEFENSE'S MOTION
DESIGNATE THIS A COMPLEX CASE**

The United States of America, by and through the United States Attorney for the Eastern District of Texas and the undersigned Assistant United States Attorney, files this Memorandum in support of the defense's motion to designate this case a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(8)(B)(ii), or in the alternative, to continue the trial date pursuant to 18 U.S.C. § 3161(h)(8)(A). ECF No. 39.

**ARGUMENT**

On August 1, 2018, the Court issued an Order scheduling trial in this matter to begin on September 24, 2018. *See* ECF #37. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, trial must commence within seventy (70) days of the last date on which the defendants make their initial appearance. Nevertheless, the Speedy Trial Act permits the Court to continue the trial when "the case is so unusual or so complex due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii). In the alternative, 18 U.S.C. § 3161(h)(8)(B)(iv) provides that if the case, "taken as a whole, is not so unusual or so complex as to fall within clause (ii)," the Court may allow

a continuance in the ends of justice if the failure to grant a continuance "would deny counsel for a defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

The government respectfully submits that this case is complex due to the anticipated scope of discovery and the nature of the charges. On July 12, 2018, a grand jury returned a superseding indictment adding the charge of solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a). ECF No. 30. As a result of this charge, the government anticipates introducing the testimony of a cooperating witness.[1] The discovery materials related to this witness are expected to include several hundreds of hours of recordings in a foreign language and hundreds of pages of law enforcement reporting. The discovery materials related to this witness are expected to include several hundreds of hours of recordings in a foreign language and hundreds of pages of law enforcement reporting. All of this material must be examined by attorneys for the government to determine what, if any, obligations it has under *Brady*, *Giglio* and *Jenks*.

The government's discovery obligations in relation to this witness may also require the Court to address classified-discovery matters.

Additionally, some of the anticipated discovery in this case will be derived from the defendant's 2012 conviction in the Southern District of New York for conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and conspiracy to receive military-type training from a foreign terrorist organization, in violation of 18 U.S.C. § 2339D. *United States v. Ahmed*, No. 10-CR-131 PKC (July 13, 2012). The government anticipates that it will have classified and

---

[1] This witness's testimony is in fact relevant to all the charges against the defendant, but is particularly important to the government's evidence regarding the solicitation of a crime of violence charge.

unclassified discovery obligations in relation to these materials. As a result, defense counsel must obtain a security clearance, and the Court will need to address complex classified legal issues during the pendency of the trial. For the foregoing reasons, the government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. § 3161(h)(8)(B)(ii).

In the alternative, the government respectfully submits that the ends of justice favor a continuance as the parties would otherwise be denied the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(8)(B)(iv). As detailed above, this matter is anticipated to generate voluminous unclassified discovery in addition to raising several complex classified-discovery issues. The interests of justice will be served by permitting the defense adequate time to obtain a security clearance and to review the forthcoming discovery.

## CONCLUSION

Accordingly, the government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. § 3161(h)(8)(B)(ii) and grant a continuance of the trial date under 18 U.S.C. § 3161(h)(8)(A).

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Christopher Tortorice*
CHRISTOPHER TORTORICE
Assistant United States Attorney
Texas Bar No. 24048912
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
email: chris.tortorice@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's has been forwarded to all counsel of record, via electronic transmission, on this 3rd day of August, 2018.

                                                                            */s/ Christopher Tortorice*
                                                                            CHRISTOPHER TORTORICE
                                                                            Assistant United States Attorney