IN THE UNITED STATES DISTRICT OF TEXAS
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:17-CR-151 |
| | § | |
| MOHAMMED IBRAHIM AHMED | § | |

**DEFENDANT AHMED'S MOTION TO DISMISS COUNTS TWO THREE AND FOUR OF THE INDICTMENT AND IN THE ALTERNATIVE MOTION FOR BILL OF PARTICULARS**

Defendant, **MOHAMMED IBRAHIM AHMED**, by and through his attorney of record, Gerardo S. Montalvo, respectfully moves this Honorable Court, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, to order the dismissal of the indictment against this Defendant. In support, Defendant would show this Honorable Court the following.

## I. MOTION TO DISMISS

### The Charge

Mr. Ahmed is charged in a multi-count indictment with Material Support or Resources to Designated Foreign Terrorist Organization, False Statements involving International Terrorism, and solicitation to commit a crime of violence, namely murder, in violation of Title 18, United States Code, Sections 2339B(a)(1) and Section 373(a).

Specifically, counts two, three and four charge the defendant with False Statements involving International Terrorism, in violation of Title 18, United States Code, Sections 1001. The allegations in these counts are as follows:

<u>Count Two</u>

Count two of the indictment alleges that the defendant willfully and knowingly made a materially false, fictious and fraudulent statement by telling an FBI agent that he had no knowledge of how to construct a bomb.

<u>Court Three</u>

Count three of the indictment alleges that the defendant willfully and knowingly made a materially false, fictious and fraudulent statement by telling an FBI agent that he had no knowledge of bomb-related materials.

<u>Count Four</u>

Count four of the indictment alleges that the defendant willfully and knowingly made a materially false, fictious and fraudulent statement by telling an FBI agent that he never discussed the construction of a bomb with another inmate.

## **The Evidence Against Defendant Ahmed**

The Government's evidence against **MOHAMMED IBRAHIM AHMED** in this case appears to be entirely based on the words of inmates.

The Government's discovery materials contain copies of investigative reports, FBI 302's of inmates, debrief statements and attempted surreptitious recordings by cooperating inmates. Additionally, there are limited materials involving a previous unrelated offense.

Counsel for Defendant has reviewed the discovery provided by the Government in this case. Presumably, the government is relying on the words and statements of cooperating inmates. There is nothing in the discovery materials that confirms the defendant has knowledge of how to construct a bomb, has knowledge of bomb-related materials or ever actually ever discussed the construction of a bomb with another inmate.

**Argument for Dismissing Counts from the Pending Indictment**

The Government's evidence in these counts appear to be based on the words of inmates who allegedly had conversations with the defendant. However, a review the statements by these inmates are insufficient in establishing the defendant has knowledge of how to construct a bomb, has knowledge of bomb-related materials or ever actually ever discussed the construction of a bomb with another inmate. The government has not provided any other discovery materials in support these counts.

A trial court may dismiss an indictment for failure to charge an offense or for insufficient evidence. *U.S. v. Marcello*, 876 F.2d 1147, 1152 (5th Cir. 1989). The counts against Mr. Ahmed are based on incompetent and/or insufficient evidence, and there was no substantial or rationally persuasive evidence submitted in support of the alleged charges against him. Defendant respectfully requests that this Honorable Court dismiss the indictment against him

## II. IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS

In the alternative, Defendant respectfully moves this Honorable Court pursuant to Rule 12(b) and 7(f) of the Federal Rules of Criminal Procedure for an order directing the Government to file and serve this Defendant with a Bill of Particulars to allow this Defendant to adequately defend against the charges pending herein. In support, Defendant would show this Honorable Court the following.

This request is made on the grounds that the information is essential to permit him to adequately prepare his defense, to inform him of the charges against him with sufficient precision to prevent prejudicial surprise at trial, and to protect him from subsequent prosecution for the same offense. *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978); *United States v.*

*Diecidue*, 603 F.2d 535 (5th Cir. 1979), cert denied 445 U.S. 946 (1979); *United States v. Bascaro*, 742 F.2d 1335, 1365 (11th Cir. 1984).

Defendant Ahmed is left in the dark regarding what proof, if any, the Government will present at trial to establish his role in the alleged conspiracy. It is therefore, essential for the Court to order the Government to disclose the following Particulars regarding Counts Two, Three and Four of the pending indictment:

1. All unnamed and unindicted co-conspirators known to the grand jury and all various other persons known to the grand jury or known to the government have personal knowledge to the allegations outlined and the activity described in Counts Two, Three and Four.

2. All individuals that have personal knowledge of the allegations listed in Counts Two, Three and Four.

3. All evidence or materials that pertain to Counts Two, Three and Four.

4. All evidence and materials that the government intends to use in trial as to Counts Two, Three and Four.

5. Identify all materials whether in the possession of the government or not, that pertain to Counts Two, Three and Four.

6. The times and places the Defendant allegedly met with any individual that relate to Counts Two, Three and Four.

7. Any and all information the government the government is aware of that the defendant has knowledge of how to construct a bomb, has knowledge of bomb-related materials or ever actually ever discussed the construction of a bomb with another inmate.

In these requests for Particulars, Defendant is not asking the government to reveal all of the evidence upon which its case is based. Rather, the Defendant is merely attempting to adequately prepare for the defense of his case.

This request in no way shape or form, waives any other requests made by the defendant regarding the presentation of evidence in this trial.

WHEREFORE, Defendant **MOHAMMED IBRAHIM AHMED** respectfully requests that this Honorable Court order the United States to provide the particulars requested herein so as to assure that the Defendant may adequately prepare for trial and avoid unfair and prejudicial surprise.

**Respectfully Submitted**,


By_____
**GERARDO S. MONTALVO**
State Bar of Texas No. 24039066
**The Montalvo Law Firm, PLLC**
Park Central Plaza
1111 North Loop West, Suite 820
Houston, Texas 77008
(713) 526-5002 Telephone
(713) 526-5018 Facsimile

## CERTIFICATE OF CONFERENCE

By my signature below, I do hereby certify that I have conferred with Assistant United States Attorney Chris Tortorice who advised he will file any necessary and appropriate response to this motion.

                                              **/s/ Gerardo S. Montalvo**
                                              **GERARDO S. MONTALVO**

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all known filing users by electronic mail via ECF/NEF and via U.S. First Class Mail and/or hand delivery to all other counsel of record on February 11, 2019.

                                              **/s/ Gerardo S. Montalvo**
                                              **GERARDO S. MONTALVO**