# IN THE UNITED STATES DISTRICT OF TEXAS
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:17-CR-151 |
| | § | |
| MOHAMMED IBRAHIM AHMED | § | |

## MOTION FOR IDENTIFICATION OF AND EQUAL ACCESS TO GOVERNMENT INFORMANT OR WITNESS FOR INTERVIEW

Defendant Mohammed Ibrahim Ahmed, by and through his attorney of record, Gerardo S. Montalvo respectfully moves this Honorable Court for an order directing the United States to identify and to provide defense counsel with access to any Government informant or witness for interview purposes as follows:

I.

The defense has reason to believe that the transactions described in the indictment as well as some evidence the government intends to introduce at trial were initiated by an informant or unidentified witnesses. This informant/unidentified witness may be a material witness in any potential defense.

II.

The defense requests a pretrial opportunity to interview any informant or unidentified witness about their participation in and observation of the alleged acts and or knowledge of any related acts. The interviewing of potential witnesses is "especially crucial" in criminal litigation. United States v. Opager, 589 F. 2d 799, 804 (5th Cir. 1979). Witnesses are the property of neither party and both parties ought to have equal access. Gregory v. United States, 369 F. 2d 185, 188 (D.C. Cir 1966). Where the identity of the information has been disclosed, the informant privilege is no longer applicable. Roviaro v. United States, 353 U.S. 53, 60 (1957). While a witness is free to refuse a defendant's request for an interview, it is a "different matter for the government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." United States v. Fischel, 686 F. 2d 1082, 1092 (5th Cir. 1982).

III.

In a case such as this one, where the informant or witnesses' testimony is material to the defendant's guilt or innocence, pretrial access to the informant is necessary to safeguard the Defendant's Sixth Amendment right to confront the witnesses against him, to compulsory process his right to due process of law. See Roviaro v. United States, 353 U.S. 53, 60-61; United

States v. De Los Santos, 810 F. 2d 1326, 1331-32 (5th Cir. 1987); United States v. Silva, 580 F. 2d 144, 147 (5th Cir. 1978).

WHEREFORE PREMISES CONSIDERED, the Defendant moves the Court to compel the Government to 1) disclose the identity of the informant or witnesses in this case and 2) to produce them identify for a pretrial interview and allow access by defense counsel.

Respectfully Submitted,

By:    /s/ Gerardo S. Montalvo
**GERARDO S. MONTALVO**
SBN: 24039066
**The Montalvo Law Firm, PLLC**
Park Central Plaza
1111 North Loop West, Suite 820
Houston, Texas 77008
(713) 526-5002 Telephone
(713) 526-5018 Facsimile
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

By my signature below, I do hereby certify that I have conferred with Assistant United States Attorney Chris Tortorice who advised he will file any necessary and appropriate response to this motion.

    **/s/ Gerardo S. Montalvo**
    **GERARDO S. MONTALVO**

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all known filing users by electronic mail via ECF/NEF and via U.S. First Class Mail and/or hand delivery to all other counsel of record on February 11, 2019.

    **/s/ Gerardo S. Montalvo**
    **GERARDO S. MONTALVO**