|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:17-CR-151 |
| § | |
| MOHAMMED IBRAHIM AHMED § | |

**MEMORANDUM & ORDER**

Pending before the court is Mohammed Ibrahim Ahmed's ("Defendant") Motion for Identification of and Equal Access to Government Informant or Witness for Interview (#56), wherein he requests the court to order the Government to identify informants and witnesses in this case and to make the same available to the defense for pretrial interviews. The Government opposes the motion. Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On July 12, 2018, a grand jury sitting in the Eastern District of Texas returned a five-count First Superseding Indictment against Defendant. The First Superseding Indictment charges Defendant in Count One with Attempting to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; in Counts Two, Three, and Four with Providing False Statements Involving International Terrorism, in violation of 18 U.S.C. § 1001; and in Count Five with Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. § 373(a). Defendant's case is currently set to proceed to trial on December 2, 2019.

II.      <u>Analysis</u>

Defendant requests a pretrial opportunity to interview any Government informants or unidentified witnesses regarding their participation in, and observation of, the alleged acts as well as any knowledge they may have of related acts. Defendant asserts that the testimony of any informants or unidentified witnesses is material to his guilt or innocence, and, therefore, pretrial access is necessary to safeguard the Defendant's Sixth Amendment right to confront witnesses against him. In its response, the Government asserts that it has provided the defense with the identities of all the witnesses that it intends to call at trial. Also, the Government argues that the defense cannot require a government witness to appear for a pre-trial interview and that a government witness has the right to refuse an interview by the defense.

"The Supreme Court has established that there is no constitutional right to pretrial discovery of witnesses in non-capital cases." *United States v. Aguilar*, 503 F.3d 431, 434 (5th Cir. 2007), *cert. denied*, 552 U.S. 1215 (2008) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *accord United States v. Dominguez*, No. H-17-651-4, 2018 WL 2057442, at *9 (S.D. Tex. May 3, 2018). Additionally, "[t]he Government has a privilege, usually referred to as the informer's privilege, 'to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" *United States v. Ortega*, 854 F.3d 818, 824 (5th Cir. 2017) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957) ("The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.")). The informer's privilege, however, is not absolute and there is "no fixed rule" as to when an informant's identity should be disclosed. *Roviaro*, 353 U.S. at 62.

Thus, when faced with this dilemma, "the issue 'calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Ortega*, 854 F.3d at 824 (quoting *Roviaro*, 353 U.S. at 62).

The United States Court of Appeals for the Fifth Circuit applies a three-factor balancing test to determine whether an informant's identity should be disclosed: "(1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the Government's interest in nondisclosure." *Roviaro*, 353 U.S. at 53; *Ortega*, 854 F.3d at 824 (quoting *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007)). For the initial burden, "[a] defendant seeking to compel disclosure must make a sufficient showing that the informer's testimony would significantly aid the defendant in establishing the asserted defense." *United States v. Davis*, 655 F.2d 580, 588 (5th Cir. 1981) (citing *United States v. Ayala*, 643 F.2d 244, 247 (5th Cir. 1981)); *Boykin v. Stephens*, No. H-14-1894, 2015 WL 5007923, at *11 (S.D. Tex. Aug. 20, 2015) (citing *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991)). "If the defendant fails to meet this burden, disclosure will not be required." *Davis*, 655 F.2d at 588 (citing *United States v. Franklin*, 598 F.2d 954, 957-58 (5th Cir. 1979)).

Here, there is no need to apply the balancing test stated above because the Government asserts that it has provided to the defense the identities of all witnesses that it intends to call at trial. *United States v. Hansen*, No. 3:04-CR-148-D, 2005 WL 1206868, at *3 (N.D. Tex. May 18, 2005) (finding a need to apply the balancing test only when an informant will be called as a trial witness). Even if the court did apply the balancing test, Defendant's request would be denied because he does not satisfy his initial burden. Specifically, he does not identify what information he seeks or explain how the information will significantly aid in his defense. Consequently, his

request is speculative at best. *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979) ("[M]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."); *see United States v. Aguilar*, No. 4:08-CR-0998-Y, 2009 WL 10667017, at *3 (N.D. Tex. Feb. 27, 2009) (finding no basis to order the disclosure of an informant's identity because the plaintiff did not assert "specific contentions as to the relevance and helpfulness of any informant's identity or the information such informant could provide . . . ."). Furthermore, the Government states that it has complied with, and will continue to comply with, its discovery obligations as required by 18 U.S.C. § 3500. For these reasons, the court finds that no order is necessary, and, accordingly, Defendant's request is denied.

III. Conclusion

Consistent with the foregoing analysis, Defendant's Motion for Identification of and Equal Access to Government Informant or Witness for Interview (#56) is DENIED.

SIGNED at Beaumont, Texas, this 7th day of August, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE