**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:17-CR-151 |
| | § | |
| MOHAMMED IBRAHIM AHMED | § | |

### MEMORANDUM & ORDER

Pending before the court is Defendant Mohammed Ibrahim Ahmed's ("Defendant") *pro se* Motion to Replace Counsel (#100), wherein Defendant expresses dissatisfaction with his current counsel, Gerardo Montalvo ("Montalvo") and David Adler ("Adler") (collectively, "Defense Counsel"), and asks to have new counsel assigned to his case.  Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

Defendant was indicted by a federal grand jury on December 6, 2017.  Count 1 of the Indictment charges Defendant with attempting to provide material support and resources to a foreign terrorist organization, knowing that the organization was a designated terrorist organization that has engaged in and was engaging in terrorist activity, in violation of Title 18, United States Code, §§ 2339B (a)(1) and 2.  Counts 2, 3, and 4 of the Indictment charge Defendant with making false statements involving international terrorism, in violation of Title 18, United States Code, § 1001.  On July 12, 2018, a First Superseding Indictment was returned against Defendant. Counts 1, 2, 3, and 4 are essentially the same as in the original Indictment; however, Count 5 of the Superseding Indictment charges Defendant with solicitation to commit a crime of violence, in violation of Title 18, United States Code, § 373(a).

On December 14, 2017, John McElroy ("McElroy"), an Assistant Federal Public Defender, was appointed to represent Defendant.  On February 13, 2018, McElroy filed a motion

to withdraw due to a conflict of interest.  The motion was granted, and Montalvo was appointed to represent Defendant.  Montalvo has filed at least seven substantive motions on Defendant's behalf, including a motion to dismiss counts 2, 3, and 4 of the First Superseding Indictment (#52) and a motion in limine (#51), participated in numerous status conferences and hearings, and has been diligently preparing for trial.  Following a hearing on Defendant's previous motion for new counsel (#82), which the court denied, Adler was appointed to serve as co-counsel on August 8, 2019.  After several continuances, the case is set for trial on December 2, 2019.

Defendant's instant motion complains that Defense Counsel have not filed a motion to dismiss the "obviously false charges."  Yet, Montalvo filed a motion to dismiss counts 2, 3, and 4 of the First Superseding Indictment, which the court denied.  Defendant further asserts that his attorneys have not moved to dismiss the case on the basis that no affidavit or criminal complaint has been filed, and similarly, on the basis that "[t]he information filed by [the Government] contains no competent injury or harmed party filing a[n] affidavit."  As stated above, Defendant has been indicted twice by a federal grand jury—there is no criminal complaint or information in this matter; consequently, an affidavit in support of a criminal complaint is unwarranted.  Moreover, the return of the indictments obviated the need for a probable cause hearing.  It is well settled that an indictment returned by a grand jury against a defendant establishes probable cause as a matter of law.  *Kaley v. United States*, 571 U.S. 320, 328 (2014); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015).  As the Supreme Court has noted:

> The grand jury's historic functions survive to this day.  Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions.

*United States v. Calandra*, 414 U.S. 338, 343 (1974) (citing *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972)); *see Kaley*, 571 U.S. at 329 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 118 (1975)).

Defendant further complains that Defense Counsel have encouraged Defendant "to accept a 10-year sentence plea of guilt." The First Superseding Indictment includes a Notice of Penalty, which states that the maximum term of imprisonment for Count 1 is 20 years; for Counts 2, 3, and 4, it is 5 years; and for Count 5, it is 20 years. A 10-year agreed term would fall substantially below the potential sentences outlined in the Notice of Penalty. Finally, Defendant alleges that Defense Counsel have refused to assist him in investigating the "baseless commercial charges against [him]." He further maintains that he is not a "person," but a "living man," and that he has not entered into a "valid contractual agreement" with the United States. Such contentions are of no consequence in the criminal case at bar, where Defendant is charged with the commission of five federal felonies, not with breach of contract. The court finds Defendant's assertion that the instant proceeding is civil or commercial in nature to be groundless.

In the absence of evidence showing a conflict of interest or other impediment that would constitute ineffective assistance of counsel, there is no legitimate basis for granting the motion for replacement of Defendant's court-appointed counsel. Indeed, in *United States v. Moore*, the United States Court of Appeals for the Fifth Circuit held that:

> A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has

> no right to an attorney who will do docilely as he is told.   Every defendant is
> entitled to the assistance of counsel dedicated to the proposition, and capable of
> assuring that, the prosecution's case shall be presented in conformity with the
> Constitution, rules of evidence and all other controlling rules and practices.   No
> defendant has a right to more.

706 F.2d 538, 540 (5th Cir. 1983).   The court has provided Defendant with two well-qualified

attorneys. Having been recommended by the Criminal Justice Act's ("CJA") Panel Selection

Committee and approved by the judges of the Eastern District of Texas, Montalvo serves as a CJA

panel defense attorney.   *See* General Order No. 18-30.   His attorney profile with the State Bar of

Texas reflects that he earned his law degree from Texas Southern University, was licensed to

practice law in May 2003, and practices criminal and international law.   Further, there are no

reports of disciplinary action against Montalvo.   Adler earned his law degree from Texas Southern

University and was licensed to practice law in December of 1989.   Adler has extensive experience

practicing federal criminal law, has won a number of awards, and has lectured on various criminal

topics.   There are also no reports of disciplinary action against him.

"[A]n indigent defendant, while entitled to adequate representation, has no right to have

the Government pay for his preferred representational choice."   *Luis v. United States*, ___ U.S.

___, 136 S. Ct. 1083, 1089 (2016); *United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015).

The court finds nothing in the record indicating that Defendant has not had close and effective

assistance of counsel throughout this proceeding.

Accordingly, Defendant's motion is DENIED.

**Signed this date**

**Oct 31, 2019**

_Marcia A. Crone_

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4