IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § No. 1:17-CR-00151 |
| v. | § (Judge Marcia Crone) |
| | § |
| MOHAMED IBRAHIM AHMED | § |
| a.k.a. "Talha", "Mohammed El Eritri", | § |
| "Abu Zakaria" | § |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT FEDERAL REGISTER ENTRIES AS OFFICIAL PUBLICATIONS AND PUBLIC RECORDS**

The United States of America, by and through its attorney, Joseph D. Brown, United States Attorney for the Eastern District of Texas, respectfully submits this motion *in limine* seeking a pre-trial ruling concerning the admissibility of certain entries from the Federal Register. These entries contain the State Department's designation of ISIS as a foreign terrorist organization. (Attachments A through E). These entries are admissible as official publications and public records under Federal Rules of Evidence 902(5) and 803(8).[1]

**I.    THE FEDERAL REGISTER ENTRIES ARE RELEVANT.**

Evidence is relevant if : 1) it has any tendency to make a fact more or less probable than it would be without the evidence; and 2) the fact is of consequence in determining the action. Fed.R.Evid. 401.  Relevant evidence is admissible unless otherwise proscribed.  *See* Fed.R.Evid. 402. As discussed below, the Federal Register Entries are relevant to the government's case-in-chief.

The defendant is charged with a violation of 18 U.S.C. §2339B for attempting to provide

---

[1] In a separate filing, the government has also requested the Court take judicial notice of the designation of ISIS as a foreign terrorist organization pursuant to Federal Rule of Evidence 201.

material support to a foreign terrorist organization, specifically ISIS. The government must establish that ISIS was a designated foreign terrorist organization at the time of the relevant conduct.[2] The Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, is responsible for determining whether an organization should be designated a foreign terrorist organization. 8 U.S.C.A. §§ 1189(a)(1), 1189(d)(4) (2004). The Secretary of State publishes these designations in the Federal Register. 8 U.S.C.A. § 1189(2)(A)(ii).

In 2004, the Secretary of State designated an organization called Jam'at al Tawhid wa'al-Jihad (among other names) as a foreign terrorist organization. *See* 69 Fed. Reg. 61292 (Sept. 27, 2004) (Attachment A). The designation was amended in December 2004 to add several aliases, including the name al-Qaida in Iraq. *See* 69 Fed. Reg. 75587 (Dec. 15, 2004) (Attachment B). In 2012, the Secretary determined the designation of al-Qaida in Iraq should be maintained, and added the alias Islamic State of Iraq. *See* 77 Fed. Reg. 4082 (Jan. 11, 2012) (Attachment C). The Secretary amended the designation in 2014 to add several aliases including the Islamic State of Iraq and the Levant, the Islamic State of Iraq and al-Sham, and the Islamic State of Iraq and Syria. *See* 79 Fed. Reg. 27972 (May 7, 2014) (Attachment D). In 2015, the Secretary amended the designation to add the aliases: Islamic State, ISIL, and ISIS. *See* 80 Fed. Reg. 58804-05 (Sept. 21, 2015) (Attachment E). ISIS remains a designated foreign terrorist organization.

The indictment alleges the defendant attempted to provide material support to ISIS from on or about late 2014 to May 23, 2017. Therefore, the Federal Register entries containing the designation of ISIS as a foreign terrorist organization through 2017 are relevant.

---

[2] It is not necessary for the government to prove the defendant knew ISIS was a designated foreign terrorist organization; in the alternative, the government may show the defendant had knowledge ISIS engaged or engages in terrorist activity, or that the defendant had knowledge ISIS engaged or engages in terrorism. *See* 18 U.S.C. §2339B(a)(1).

## II. FEDERAL REGISTER ENTRIES ARE SELF-AUTHENTICATING AS OFFICIAL PUBLICATIONS UNDER FRE 902(5).

The requirement of authentication or identification as a condition precedent to the admissibility of evidence is satisfied by information sufficient to support a finding that the matter in question is what its proponent claims. *See* Fed.R.Evid 901(a). Extrinsic evidence of authenticity, however, is not required with certain items. *See* Fed.R.Evid. 902. "Case law and statutes have, over the years, developed a substantial body of instances in which authenticity is taken as sufficiently established for purposes of admissibility without extrinsic evidence …because practical considerations reduce the possibility of unauthenticity to a very small dimension." Fed.R.Evid. 902 advisory committee's note to the 1972 proposed rules.

One such category of self-authenticating evidence is official publications. *See* Fed.R.Evid. 902(5). An official publication is "a book, pamphlet, or other publication purporting to be issued by a public authority." *Id.* This exception applies because "official publications seldom contain serious mistakes in the reproduction of official pronouncements or other matters of sufficient interest to warrant official publication." *Williams v. Long*, 585 F.Supp.2d 679, 686 (D. Md. 2008) (citation omitted). Official publications are also "likely to be readily identifiable by simple inspection," and "forgery or misrepresentation of such material is unlikely." *Id.*

The Federal Register constitutes an official publication issued by a public authority. The Office of the Federal Register is a component of the National Archives and Records Administration of the United States Government. *See* 1 C.F.R. §2.3 (1989). The United States clearly qualifies as a "public authority" for purposes of Rule 902(5). *See Williams v. Long*, 585 F.Supp.2d at 686. Presidential proclamations, executive orders, and documents having general applicability and legal effect are required to be published in the Federal Register. 44 U.S.C.A. §1505(a) (2014). The Director of the Federal Register may not accept any document for filing

and publication unless it is the official action of the agency concerned. 1 C.F.R. §5.4 (2019). The Office of the Federal Register transmits documents it is required or authorized to publish to the Government Publishing Office ("GPO") for printing. 44 U.S.C.A. §1503 (2014). The GPO is the agency responsible for all printing for Congress, the Executive Office, and every executive department. 18 U.S.C.A. § 501 (2014).

To prove the document was published by a public authority, the proponent may identify any kind of marking signifying the document originated from a qualifying office. *See Williams v. Long*, 585 F.Supp.2d at 686. The exhibits proposed by the government contain such a marking in the top left corner of the first page of the entry, an eagle icon with text stating "Authenticated U.S. Government Information, GPO." (See Attachments A through E). The eagle logo is the GPO's visible seal of authenticity. Government Publishing Office (last viewed October 24, 2019), https://www.govinfo.gov/about/authentication. The Federal Register entries are therefore admissible as official publications.

### III. FEDERAL REGISTER ENTRIES ARE ADMISSIBLE AS PUBLIC RECORDS UNDER FEDERAL RULE OF EVIDENCE 803(8).

The Federal Register entries are admissible under the public records exception to the rule against hearsay. Federal Rule of Evidence 803(8) provides for the admission of a record or statement of a public office if it sets out 1) the office's activities; or 2) a matter observed while under a legal duty to report. "Justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Fed.R.Evid. 803 advisory committee's note to the 1972 proposed rules.

Official records are a well-recognized exception to the hearsay rule. *Tomlin v. Beto*, 377 F.2d 276, 277 (5th Cir. 1967). A record that memorializes an activity regularly carried out by a

federal agency is a public record. *See United States v. Clarke*, 628 F.Supp.2d 15, 19-20 (D.D.C. 2009). Courts have admitted a wide variety of documents under the public records exception. *See, e.g., Chesapeake & Delaware Canal Co. v. United States*, 250 U.S. 123, 128 (1919) (Treasury Department records of receipts and disbursements are records of the daily business of the department); *Direct Supply, Inc. v. Specialty Hospitals of America, LLC*, 878 F.Supp.2d 13, 24 n.10 (D.D.C. 2012) (mayoral orders are public records setting out a public office's activities); *Washington-El v. Beard*, No. 08-1688, 2013 WL 706194, at 4 (W.D.Pa Feb. 26, 2013) (press release issued by Department of Justice is a public record); *Waikoloa Development Co. v. Hilton Resorts Corp.*, No. 13-00402, 2014 WL 12596467 at 8 (D.Haw. May 22, 2014) (letters containing statements of a public office, written on letterhead, and signed by person in authority constitute public records).[3]

The Federal Register entries pertaining to the designation of ISIS are records that set out the activities of a public office.[4] As explained above, the Department of State is the federal agency charged with designating terrorist groups as foreign terrorist organizations. *See* 8 U.S.C.A. §§ 1189(a)(1), 1189(d)(4) (2004). The Immigration and Nationality Act ("INA") authorizes the Secretary of State to designate an organization if the Secretary finds that : (A) the organization is a foreign organization; (B) the organization engages in terrorist activity or

---

[3] Courts also routinely rely on Federal Register entries as matters of public record in the context of deciding motions under Civil Rule of Procedure 12(b)(6). *See, e.g., Marshall County Health Care Authority v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993) (as matters of public record, statements in Federal Register can be examined on 12(b)(6) review); *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 545 F.Supp.2d 845, 847 (E.D.Ark. 2008) (court may consider Securities and Exchange Commission releases published in the Federal Register when considering a motion to dismiss because they are part of the public record); *Pennsylvania v. Lockheed Martin Corp.*, 684 F.Supp.2d 564, 567 (M.D.Pa. 2010) (taking judicial notice of Nuclear Regulatory Commission Notice filed in Federal Register); *District Hosp. Partners LP v. Sebelius*, 794 F.Supp.2d 162, 170 (D.D.C. 2011) (relying on notices published by Secretary of Health and Human Services in Federal Register).

[4] The Federal Register entries are also admissible as non-hearsay. A "verbal act" that carries independent legal significance (*i.e.* that affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights) is not hearsay. Fed.R.Evid. 801 advisory committee's note to the 1972 proposed rules.

terrorism; and (C) the terrorist activity or terrorism of the organization threatens the national security of the United States. 8 U.S.C.A § 1189(a)(1). Before making such a designation, the Secretary of State must have reasonable grounds to believe the organization has engaged in terrorist acts. *United States v. Ali*, 799 F.3d 1008, 1020 (8th Cir. 2015). The Federal Register entries contain the Secretary's determination that, based upon a review of the administrative record and in consultation with the Attorney General and the Secretary of the Treasury, a sufficient factual basis exists to find that the circumstances described in the INA exist with respect to ISIS. 69 Fed. Reg. 61292. These entries therefore set out an activity of a public office.

## CONCLUSION

For the foregoing reasons, the United States respectfully moves the Court for a pre-trial determination that the Federal Register entries attached hereto as Attachments A through E are admissible as official publications pursuant to Federal Rule of Evidence 902(5) and public records pursuant to Federal Rule of Evidence 803(8).

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Christopher Tortorice*
CHRISTOPHER TORTORICE
Assistant United States Attorney
Texas Bar No. 24048912
350 Magnolia, Suite 150
Beaumont, Texas  77701 (409) 839-2538
(409) 839-2550 (fax)
email:  chris.tortorice@usdoj.gov

*/s/ Alicia H. Cook*
ALICIA H COOK
Trial Attorney
Counterterrorism Section
National Security Division

        Department of Justice
        Utah Bar No. 8851
        950 Pennsylvania Avenue NW, Suite 7600
        Washington, DC 20530

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, and a notification of such filing will be sent to all counsel of record.

        */s/ Christopher Tortorice*
        CHRISTOPHER TORTORICE