| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:17-CR-151 |
| | § | |
| MOHAMED IBRAHIM AHMED (1) | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Mohamed Ibrahim Ahmed's ("Ahmed") Motion for Appointment of Interpreter Rule 28 of Court Interpreter's Act ("CIA") (#117), wherein he requests that the court appoint him an Arabic speaking interpreter pursuant to 28 U.S.C. § 1817 [sic].[1] Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be granted in part.

Ahmed contends that

> [a]n Arabic speaking interpreter is necessary so that Defendant can communicate with potential witness [sic] (both favorable and hostile); subpoena witnesses and force discovery/records/files via Subpoena Duces Tecum; and to just listen to/understand what is being said in & around him during trial courtroom proceedings.

Title 28 of the United States Code § 1827(d)(1) provides that the Court

> shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the [court], the services of an otherwise qualified interpreter, in judicial proceedings instituted by the United States, if the [court] determines on [its] own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings:
> 
> (A)     speaks only or primarily a language other than the English language; or

---

[1] The operative sections of the CIA are codified in 28 U.S.C. §§ 1827, 1828.

> (B) suffers from a hearing impairment (whether or not suffering also from a speech impairment)
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the [court], or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

"A reading of § 1827(d)(1) clearly indicates to this court that the CIA is applicable only 'in judicial proceedings instituted by the United States.'" *United States v. Lira-Arredondo*, 38 F.3d 531, 533 (10th Cir. 1994) (quoting 28 U.S.C. § 1827(d)(1)). The CIA defines a "judicial proceeding" as "all proceedings, whether criminal or civil, including pretrial and grand jury proceedings . . . conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court." 28 U.S.C. § 1827(j). Generally, courts have limited the CIA's application to the oral interpretation of in-court proceedings. *See Taniguchi v. Kan P. Saipan, Ltd.*, 566 U.S. 560, 571 (2012) ("Congress was dealing only with oral translation in the Court Interpreters Act and that it intended to use the term 'interpreter' throughout the Act in its ordinary sense as someone who translates the spoken word."); *Extra Equip. E Exp. Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("An interpreter as normally understood is a person who translates living speech from one language to another. He is a type of translator, but the translator of a document is not referred to as an interpreter."), *cert. denied*, 555 U.S. 1175 (2009); *United States v. Acuna-Navarro*, 90 F. App'x 308, 312 (10th Cir.) (CIA does not apply to post-plea debriefing), *cert. denied*, 542 U.S. 927 (2004); *United States v. Lopez-Escobar*, 74 F.3d 1237 (5th Cir. 1995) (noting that the CIA does not appear to require that the court furnish an interpreter to translate the Government's exhibits); *Lira-Arredondo*, 38 F.3d at 533 ("Reading the CIA as a whole, we reject Defendants' contention that the CIA is applicable to instances where the government prepares

transcripts outside of judicial proceedings during the course of a criminal investigation and thereafter offers them into evidence at trial.").

Here, Ahmed contends that his primary language is Arabic. For purposes of the CIA, the court will presume this to be true. Accordingly, an Arabic interpreter will be available to assist Ahmed at any pretrial proceeding, trial, or post-trial proceeding. The CIA, however, does not require the court to furnish an interpreter to assist Ahmed with subpoenaing witnesses or requesting, preparing, or reviewing discovery.[2]

---

[2] The court also considered whether Due Process requires that the court appoint a translator or interpreter to assist Ahmed outside of the "judicial proceedings." Courts that have considered the issue have held that a defendant does not have the constitutional right to have court documents translated into his native language. *See Mendoza v. United States*, 755 F.3d 821, 828 (7th Cir. 2014); *United States v. Celis*, 608 F.3d 818, 841 (D.C. Cir.), *cert. denied*, 562 U.S. 1052 (2010); *United States v. Gonzales*, 339 F.3d 725, 729 (8th Cir. 2003). Moreover, to the extent that due process may, in some extreme hypothetical case, require the translation of court documents, the failure to provide such a translator here would not be fundamentally unfair given Ahmed's apparent ability to read and understand English. *Cf. Prince v. Beto*, 426 F.2d 875, 877 (5th Cir. 1970) (holding, pre-CIA, that utilizing the victim's husband as an interpreter was fundamentally unfair and, therefore, deprived the defendant of his right to due process of law). Indeed, Ahmed has sent the court several *pro se* motions written in English, and, at the *Faretta* hearing, Ahmed read a document written in English into the record. Nevertheless, when unique circumstances exist, the court may, in its discretion, decide to provide written translations of key documents. *United States v. Mosquera*, 816 F. Supp. 168, 174 (E.D.N.Y. 1993). Therefore, out of an abundance of caution, the First Superseding Indictment has been translated into Arabic for Ahmed's benefit. The translated document is attached to this order and will be provided to Ahmed.

SIGNED at Beaumont, Texas, this 21st day of November, 2019.

                                              MARCIA A. CRONE
                                      UNITED STATES DISTRICT JUDGE