| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:17-CR-151 |
| | § | |
| MOHAMED IBRAHIM AHMED | § | |

**ORDER**

Pending before the court is the Government's Motion to Quash Subpoena of FBI Agent Jennifer Dent (#140). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted.

On November 25, 2019, Defendant Mohamed Ibrahim Ahmed ("Ahmed")[1] filed a *pro se* Motion for Subpoena of Witnesses, wherein Ahmed requested that the court issue subpoenas for four witnesses to appear and testify at trial, including Federal Bureau of Investigation ("FBI") Special Agent Jennifer Dent ("Special Agent Dent") and two other FBI employees.[2] On the morning of November 26, 2019, the court held a status conference to allow the Government to ask Ahmed his reasons for requesting the subpoenas. Later that day, the court granted Defendant's request for subpoenas (#138). On November 29, 2019, the Government issued a letter of denial to Defendant's request for testimony from Special Agent Dent. On December 2, 2019, the Government filed the instant motion (#140), wherein it asserts that Ahmed did not

---

[1] On November 19, 2019, after a *Faretta* hearing, the court granted Defendant's motion to proceed *pro se* and appointed his attorneys as stand-by counsel.

[2] Ahmed also requested subpoenas for FBI Special Agent Tracy Masington and FBI analyst Ian Wharton. The Government did not file a motion to quash these subpoenas but, rather, approved limited testimony from these two witnesses.

comply with the applicable *Touhy*[3] regulations at 28 C.F.R. §§ 16.21-16.28, that the sought-after testimony potentially risks disclosure of sensitive or classified information, and that Special Agent Dent's testimony would be irrelevant.

That same day, at the final pretrial conference, the court requested that Ahmed explain his basis for requesting testimony from Special Agent Dent. Ahmed alleged that Special Agent Dent was part of a "dirty" team and participated in his purported "torture" when he was arrested in Nigeria. Ahmed further asserted that he requested Special Agent Dent's testimony because the Government was calling witnesses who were part of an investigation in a prior case brought in the Southern District of New York and using evidence from Nigeria.

The court agrees that Ahmed's motion for subpoenas of witnesses did not "set[] forth a summary of the testimony sought," as required by 28 C.F.R. § 16.23(c). Further, the court's Amended Pre-Trial Order required the parties to provide the court a list of witnesses by November 18, 2019 (#78), which Ahmed failed to do. In addition, the court concurs with the Government's assessment that the testimony may cause the disclosure of sensitive or classified information in violation of 28 C.F.R. § 16.26(b). Moreover, the testimony sought appears to be collateral and neither relevant nor material to the events surrounding Ahmed's current charges, all of which relate to events that purportedly occurred in Texas. *See United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994). Accordingly, the Motion to Quash Subpoena of FBI Agent Jennifer Dent (#140) is GRANTED.

---

[3] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

SIGNED at Beaumont, Texas, this 2nd day of December, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE